UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

ARIANA RIVERO,

    Plaintiff,

v.

CARECLOUD CORPORATION,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, ARIANA RIVERO, by and through his undersigned attorney, files this Complaint against Defendant, CARECLOUD CORPORATION, and states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant CARECLOUD CORPORATION is a business which provides cloud based services for healthcare companies. By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5. Upon information and belief, Defendant exceeds the $500,000 annual gross revenue

threshold needed to be covered under the FLSA.

6. Plaintiff was an employee of Defendant. She signed a contract of employment with Defendant, was paid by Defendant, and performed work for Defendant.

7. At all times material, Plaintiff was and is a resident of Miami, FL.

8. This Court has jurisdiction over Defendant because it engages in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

9. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

## FACTS

10. Plaintiff was hired by Defendant as a "Human Resources Coordinator", beginning her employment on or about 2012. Her employment ended on or about March 2018.

11. Despite the title of "coordinator" Plaintiff was not in charge of other employees. She did not have the power to direct other employees, hire or fire them, dispense discipline/commendation, or handle any financial matters.

12. Plaintiff's job duties include booking meetings, travel and interviews, performing data entry, maintaining employee files, and assisting with recruiting, employee events, and the various needs of the office. She did not have the power to bind the company in any way.

13. Plaintiff's title was labeled exempt from FLSA overtime laws by Defendant. However, the job does not qualify for any FLSA exemption.

14. Plaintiff was paid a salary of $41,000 per year ($788.46 per week) until November 2017. At that point, she was given a raise to $55,000 per year ($1,057.69 per week).

15. Plaintiff was told that her salary was to compensate her for 40 hours per week of work.

This amount of hourly work was what she was told to expect to receive.

16. However, Plaintiff was made to work well in excess of 40 hours per week. Along with more than 40 hours per week of regular work, Plaintiff also received calls, texts, and emails after traditional work hours. All told, Plaintiff regularly worked approximately 55 hours per week.

17. Plaintiff was not given any additional compensation for this extra 15 hours of work per week.

18. The FLSA mandates that an unexempt employee be paid 1.5x the regular rate of pay for any hours worked over 40 in a work week. Plaintiff's regular rates of pay were $14.34 and then $19.23 per hour. Based on the regular rates, Plaintiff's overtime rates should have been $21.51 and $28.85 per hour, respectively.

19. For approximately 15 hours per week, this results in an underpayment of $39,849.60. Over the course of her employment, an estimate of her unliquidated damages is calculated as follows:

    a. 94 weeks[1] x $21.51 x 15 hours = $30,329.10
    b. 22 weeks x $28.85 x 15 hours = $9,520.50

20. Defendant knowingly and willfully failed to pay Plaintiff her lawfully earned wages in compliance with the FLSA and are liable for monetary damages.

21. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendant. However, Defendant did not accurately record the hours worked by Plaintiff thus Defendant is not likely able to produce an accurate account of the hours actually worked by Plaintiff.

---

[1] 100 weeks considering a 3 year statute of limitations and then less 6 weeks for maternity leave taken during this period

22. In determining payment policies, specifically declaring the position of Human Resources Coordinator to be an exempt position, Defendant did not consult an attorney.

23. In determining payment policies, specifically declaring the position of Human Resources Coordinator to be an exempt position, Defendant did not consult an accountant.

24. By intentionally failing to properly determine the overtime laws that apply to Plaintiff, Defendant has shown reckless disregard for the FLSA. Due to this, Defendant is liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

25. Plaintiff has hired the undersigned attorney and law firm to represent her in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

26. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA.

28. During her employment, Plaintiff worked in excess of forty (40) hours per week for which she was not compensated at the statutory rate of 1.5x his regular rate of pay for all hours worked.

29. Plaintiff was entitled to be paid at the rate of 1.5x her regular rate of pay for all her hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

30. Defendant failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

31. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the

FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

32. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

33. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

35. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

36. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

37. Defendant knowingly and willfully failed to pay Plaintiff 1.5x her regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff, ARIANA RIVERO, respectfully requests that judgment be entered in her favor against Defendant as follows:

A. Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiff post-judgment interest; and

F. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 12/10/2018.

                                             Respectfully submitted,

                                             __/s/ R. Edward Rosenberg__
                                             R. Edward Rosenberg, Esquire
                                             Fla. Bar No.: 88231
                                             Sorondo Rosenberg Legal PA
                                             1825 Ponce de Leon Blvd. #329
                                             Coral Gables, FL 33134
                                             E: rer@sorondorosenberg.com
                                             T: 786.708.7550
                                             F: 786.204.0844

                                             Attorney for Plaintiff